## LYLE *v.* ANDERSON.

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIM—AGREEMENT AGAINST PUBLIC POLICY—FRAUD ON ESTATE—REMEDY.

An agreement entered into by one of several executors with a creditor of the estate, the amount of whose claim was in dispute, that the claim, which was based on certain notes, should be allowed at the face of the notes, and be thereafter reduced by indorsement of such amount, if any, as should be found on investigation to have been paid thereon by decedent, was beyond the authority of such executor, against public policy, and a legal fraud upon the estate; and equity, on petition of all the executors, the creditor refusing to come to any agreement as to the amount to be credited on the notes, will order an accounting between the parties.

Appeal from Van Buren; Smith, J. Submitted February 1, 1900. Decided April 3, 1900.

Bill by George M. Lyle and others, executors of the last will and testament of William Lyle, deceased, against L. R. Anderson and May Grace Hammond, to set aside the

allowance of a claim against the estate of decedent. From a decree dismissing the bill, complainants appeal. Reversed.

*B. F. Heckert* and *T. J. Cavanaugh*, for complainants.

*Anderson & Chase*, for defendants.

MONTGOMERY, C. J. The bill of complaint is filed by complainants, as executors of the estate of William Lyle. The bill alleges that defendant Anderson was the payee named in two notes signed by G. M. Lyle and deceased, and that on the 1st of March, 1897, Anderson presented the notes for allowance to the probate judge; that it was claimed that payments had been made from time to time on such notes, and that they had been fully paid. The hearing was adjourned to May 14th. The bill further alleges:

"Your orators further show that on the said 14th day of May, A. D. 1897, they appeared in said court, and were ready and willing to offer objections and contest the allowance of said notes so filed as aforesaid by the said L. R. Anderson; and thereupon the said L. R. Anderson appeared in said court, and entered into an arrangement, agreement, and understanding with George M. Lyle, one of said executors, wherein and whereby it was understood and agreed by and between said L. R. Anderson and said George M. Lyle, in order to save trouble, expense, and annoyance of litigation on their part, that said notes be passed upon by the probate judge, and allowed as a claim at the sum which appeared on their face to be due, and that thereafter the said George M. Lyle and the said L. R. Anderson would meet at the State Bank of Decatur, and look over and examine the books of said bank, and receipts and other papers which passed between said William Lyle in his lifetime and L. R. Anderson and George M. Lyle, as one of the executors of said estate, with reference to the moneys paid on said notes so filed as a claim as aforesaid, and when it should be found what amounts had been paid on said notes, and the amount yet due on the same, if any, the said George M. Lyle and L. R. Anderson would appear before the probate judge, and indorse on said notes, and upon said allowance

so made by said probate judge, such amount as said parties would have found to be paid on said notes; that, in accordance with this agreement between said L. R. Anderson and George M. Lyle for the executors of said estate, said probate judge did compute the amount appearing to be due by said notes, and allowed the claim of L. R. Anderson against the estate of William Lyle, deceased, at the sum of three thousand and eight and 78–100 dollars."

The bill then alleges that Anderson refused to come to any agreement as to the amount that should be indorsed, and further charges:

" Your orators further show unto the court that the said arrangements so made by the said L. R. Anderson were entered into by him for the purpose of cheating, wronging, and defrauding said estate, and that at the time he agreed with said George M. Lyle to have said claim allowed at the amount shown by the face thereof, and thereafter agree upon the amount, if any, owing said estate by virtue of said notes, he did not intend or care to carry out said agreement, but entered into said agreement for the purposes hereinbefore set forth."

The defendant May Grace Hammond is an assignee of Anderson, but has no superior rights or equities. The answer denies the agreement set up in the bill, and claims that whatever arrangement was made related to certain other notes, known as the "Murdock notes." The case was heard upon testimony taken in open court, and complainants' bill was dismissed without prejudice. The circuit judge filed a written opinion, in which he held that complainants were concluded by the judgment, and that, if such an agreement as is alleged be found to have been made, the remedy of complainants is by a suit at law against Anderson.

An examination of the record convinces us that such an agreement was entered into, and that, in consequence of this agreement, the notes were allowed without proof. Can a court of equity afford relief? It is contended that a court of equity will relieve against a judgment at law only in case the party complaining has been deprived of his day in court through the wrong of his adversary.

This is undoubtedly the general rule, although the rule has not, in all cases, been adhered to. See *Markham* v. *Angier*, 57 Ga. 43. We do not deem it necessary to decide whether we would follow the case cited, as we think the present case may be ruled on a different principle. It appears that the claim in question was allowed without proof; that its allowance by one only of the executors was brought about by an agreement which he had no right to make, and which defendant Anderson must be held to have known that he had no right to make. George M. Lyle was acting in a representative capacity; and, while the motives of both Lyle and Anderson may have been honest, such an agreement was not only against public policy, but should be held to constitute a legal fraud upon those interested in the estate.

It is prayed that the allowance of the claim be set aside, but we think the better course will be to direct an accounting in this proceeding. As complainants ask equity, they should do equity. The decree will be reversed, and remanded for an accounting. The complainants will recover costs of this court. The costs of the proceedings below will be awarded by the circuit judge as justice may require.

The other Justices concurred.