JONATHAN DEW, plaintiff in errror, *vs.* CHARLES A. HAMILTON, defendant in error.

[1.] A judgment at law will be opened and a new trial ordered where the defendant has been prevented from making his defence available, by the assurance of the plaintiff, that the case had been settled by the principal debtor.

Dew vs. Hamilton.

[2.] When a bill is filed to aid in the defence of an action at law, the Court where the proceeding is pending, has jurisdiction of the bill.

In Equity, in Cass Superior Court. Decision on demurrer, by Judge Trippe, at March Term, 1857.

This was a bill filed by Charles A. Hamilton, against Jonathan Dew.

The allegations of the bill, in substance, are that on the 16th September, 1854, complainant became security to Alison Nelson, on a promissory note, given and payable to defendant, for the sum of thirty-one hundred dollars. That suit was commenced on said note against Nelson and complainant at the May Term, 1855, of the Inferior Court of Cass county, and by consent, an appeal entered to the Superior Court. That a large portion of said note consisted of *usury*, and Nelson filed his plea of usury, which upon trial would have been a good defence to said action. But Nelson being the owner of a very valuable settlement of land in the county of Gordon, which Dew was desirous of possessing, they entered into an arrangement, by which said note was settled by a transfer or conveyance of the land to Dew, who informed complainant that Nelson had paid the note, and that defendant had taken the land, and that he complainant was discharged.

The bill further states, that after this, complainant took no further notice of the suit pending on the note, and no further defence was made. Nelson at this time, had ample means and property to pay the note, but that he has since left the State and carried with him all his property ; and complainant confiding in and relying upon the statement made to him by defendant, in relation to the settlement and payment of said note by Nelson, made no effort to stop him or his property, or to secure himself against any liability on account of said note.

At the May Term, 1856, of the Superior Court, defendant in the absence of complainant and Nelson, represented to

their counsel that the land which he had bought from Nelson was then levied upon by *fi. fas.* against Nelson sufficient to cover any amount for which it might sell, and that it was very important to the protection of his rights, that he should get a judgment on his note and have his execution at the Sheriff's sale on the first Tuesday in June, and stated that at the time he purchased said land, it was agreed between himself and Nelson, that if he was able to hold it, he was to give Nelson a credit on his note for $2000; but if the land was lost or taken from him, then no credit was to be entered or given; and relying upon this statement, counsel permitted the case to be called up and a verdict taken against Nelson and complainant for $2,800, upon which judgment was signed on the 21st May 1856, and execution issued. That the land was sold by the Sheriff on the 3d June, 1856, for the sum of $325 dollars, Dew being the purchaser. That after the sale, he represented to complainant's attorney that he was compelled to pay or assume the payment of another *fi. fa.* against Nelson, amounting to $311, making the sum of $636, which he had paid in order to perfect his titles, and which sum should be deducted from the amount agreed to be paid for said land. But from this sum should be deducted about sixty dollars paid to said last mentioned *fi. fa.* from proceeds of Nelson's property.

The bill charges that exclusive of interest and usury which has from time to time been added to the original indebtedness, the whole amount now due upon Nelson's note, would not exceed $1,500: That Dew does not claim to have advanced exceeding two thousand, and that this sum is made up of usurious renewals. That Nelson and complainant are entitled to a credit on said judgment of about $2,200, which complainant believes would fully pay and discharge all that is justly due on the same.

The bill alleges that defendant is proceeding to enforce his judgment and *fi. fa.* against complainant, and prays that he be enjoined, &c.

To this bill defendant demurred.

The Court overruled the demurrer and ordered defendant to answer.

And counsel for defendant excepted, and assigns error.

DABNEY; and AKIN, for plaintiff in error.

HOOPER & RICE, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The equity of the bill is based upon the foregoing facts, and it is clear, if the allegations are true, and the demurrer admits them to be true, the debt sued on, is not only tainted with usury, but steeped in it. Taking the statements of the complainant as true, and the bill is as replete with equity as the judgment is with usury.

[2.] As to the want of jurisdiction in the county of Cass, the bill is not aggressive, but strictly defensive. It prays for a new trial and to be allowed to make that defence to the note, which would have been made when judgment was rendered, but for the reasons assigned in the bill. It seeks no decree beyond this, against the defendant. The Court in Cass had then jurisdiction.

It is suggested that there is no averment in the bill, that the complainant would have made the defence of which he now seeks to avail himself; and that he had intended to have made it. The bill shows that the defence had already been filed, and it is charged that it would have been made available, but for the conduct of the plaintiff, in lulling the defendant to sleep, and then taking advantage of the trust and confidence which he reposed in him.

Under the circumstances, we are of the opinion that the Court below was right in overruling the demurrer, and requiring the defendant to answer.

Judgment affirmed.