Markham *et al. vs.* Angier *et al.*

WILLIAM MARKHAM *et al.*, plaintiffs in error, *vs.* NEEDHAM L. ANGIER *et al.*, defendants in error.

| 57 | 43 |
| 107 | 412 |

| 57 | 43 |
| 114 | 457 |

| 57 | 43 |
| 119 | 130 |

| 57 | 43 |
| 121 | 761 |

| 57 | 43 |
| 129 | 447 |

Equity will relieve against a judgment which was obtained by inducing the defendants thereto to withdraw an equitable plea they had filed in the case, by a promise of the plaintiff that if such plea were withdrawn he would do the equity set up in the plea, and would enter into writing to that effect, all of which he failed to do; and this court will not control the discretion of the presiding judge in granting an injunction until the case can be fully heard on the merits, especially when the complainants' offer to do equity on their part by paying up their portion of the judgment, and when the injunction is granted on that condition.

Equity.    Injunction.    Before Judge PEEPLES.    Fulton County.    At Chambers.    May 24th, 1876.

Reported in the opinion.

McCay & Trippe, for plaintiffs in error.

E. A. Angier, for defendants.

Jackson, Judge.

This was a bill filed by Angier and others against Markham, for relief against a judgment which was being enforced against the property of complainants by Markham.  The bill prayed for an injunction against the judgment; it was granted, and the grant of the injunction is the error assigned.  The only reason alleged below or here, why the injunction should not be granted, is the want of equity in the bill, all the facts charged being admitted by demurrer thereto.  The facts are, that complainants, together with Markham, were securities on the bond of Atkins, as revenue collector for the United States government.  Atkins became a defaulter in consequence of some defalcation of his deputies, and borrowed from Markham some $10,000 00 to pay the government, all the securities to his bond, including Markham, going security on the note.  At its maturity the note was not paid, and another was given for $11,000 00, the interest being added, with Markham's name off the second note.  The bill is not satisfactory on the point why it was left off the second note, possibly because it looked odd for a man to be security for and to himself.  Atkins gave a mortgage on considerable real estate to secure the securities on his bond, including Markham.  At the maturity of the second note Markham sued it, and complainants filed an equitable plea, setting out the foregoing facts, and alleging that judgment should go against them for only their part of the note, leaving Markham to pay his share of Atkins' default, after the mortgage lands were exhausted, if they did not pay up everything.  This equitable plea was withdrawn by them on the promise and assurance of Markham that he would enforce the judgment only for their parts or shares of the default after the land was exhausted, and agreeing to put this pledge in writing.  All of which he failed to

do, but has levied on the property of complainants to enforce the whole judgment. They offer to do equity and pay up their shares. The chancellor enjoined Markham from pressing his judgment, upon the complainants paying their shares as securities for Atkins, which is now ascertained, the mortgaged lands having been sold; complainants paid up their shares, and Markham stands enjoined until he answers the bill and the case is tried on its merits. This grant of the injunction is the error assigned.

We think that the chancellor has done exactly right. It appears to us, from the allegations in the bill, which the demurrer admits to be true, that a glaring fraud would be perpetrated by Markham upon his co-securities unless the chancellor had interposed. Courts of equity will grant relief against judgments at law. Indeed, our own Code explicitly grants them the power: Code, section 3178. This court has held in a case very similar to this, that equity ought to relieve in such a case. In *Hemphill and others vs. The Ruckersville Bank*, 3 *Georgia Reports*, 435, judgment had been obtained on the assurance to complainants that if they would withdraw their appeal and confess a judgment, the plaintiff in judgment would stay proceedings till 1844, and then settle fairly with complainants, carrying out the agreement and doing the promised equity; and that was held, when he falsified his word and failed to keep his promise, to be a strong case for equity to interfere. (See Judge WARNER'S opinion, page 442.) In 7 *Georgia Reports*, 404, when the same case was up again, Judge LUMPKIN re-affirms the principle then decided. If a promise, in consideration that an appeal will be withdrawn and judgment allowed to go, or be confessed, will be enforced in a court of equity, against the judgment obtained on the strength of that promise, it is difficult to see why a promise, based on the withdrawal of an equitable plea, will not be in like manner enforced against a judgment obtained by its withdrawal. Indeed, in this case, the plaintiff saved $300 00 in lawyers' fees; he has pocketed every cent that these complainants justly owe him in addition, and now seeks to make them pay him

Markham *te al. vs.* Angier *et al.*

also his part of the loss occasioned by the joint suretyship for Atkins. In *Wimberly vs. Adams,* 51 *Georgia Reports,* 423, the same principle is ruled, only in that case an affidavit of illegality, under the peculiar facts there, is held a good and sufficient remedy. What law or equity, or good sense, there can be in permitting the consummation of such a fraud passes our comprehension. It has been held by this court that facts developed after an agreement of this sort may well be invoked to show that it was the purpose of the party to defraud at the time he made the contract: 17 *Georgia Reports,* 515.

Indeed, there is no way of arriving at intention except by outward acts, and the failure to do what one promises to do ; if he has ample power to do it, it is generally the very best evidence that he did not intend to comply with his promise, but the fraud was in his heart when he made it. Relief has been granted, even against an administrator who was enforcing judgments against the heirs, where they held equitable sets-off in the shape of distributive shares, and even when the administrator was not insolvent. The policy of the law is not to interfere with the regular course of administration ; yet, a court of equity sees the folly of drawing money out of a man at expense and paying it right back to him again ; and when the administrator does not need it for paying debts, the relief is granted against a judgment even in his hands : See 20 *Georgia Reports,* 96 ; 36 *Ibid.,* 666 ; 49 *Ibid.,* 245. Now what is the case at bar, at last, but the prayer on the part of complainants to plead an equitable set-off against this judgment. According to the bill, Markham owes the complainants contribution to the full amount left due on the judgment, and if they are forced to pay him the judgment, he can be forced to pay it back immediately on the principle of contribution to them. The court of equity having got jurisdiction, will do full justice, and retain it until that justice is done. Where there is concurrent jurisdiction as in fraud, the court first getting it will keep it. This is a case of fraud, if there ever was one : 53 *Georgia Reports,* 37.

Again, the jurisdiction is good here to avoid a multiplicity

of suits. If each of these complainants must sue Markham for contribution, or if each must file an affidavit of illegality, suits will be multiplied and equity will prevent that. It is doubtful if illegality would lie at all, because the inception of this fraud was prior to the judgment, and illegality will not go behind it: Code, section 3671.

Again, this is a contract executed on the one side by the withdrawal of the plea; and the advantage of getting his judgment and the money thereon and saving counsel fees, has already accrued to the plaintiff in *fi. fa.*, and equity will make him specifically perform his agreement, and this gives to equity jurisdiction of the suit; and this, too, avoids all trouble about the statute of frauds, even if Markham had not agreed to put his promise in writing and failed to do so: 17 *Georgia Reports,* 515. So that equity has jurisdiction here, first to relieve against a judgment unconscientiously obtained; second, because of fraud; third, to avoid a multiplicity of suits; fourth, to bring in equitable sets-off; and fifth, to force the specific performance of an agreement executed on one side and defied on the other. Perhaps there may be other grounds for the interposition of chancery in this case, so bristling with defiance of right, but we think the above will do.

Judgment affirmed.