## DODGE *v.* WILLIAMS *et al.*

1. A judgment in an ejectment suit against parties in possession of land held by them under bond for titles from the owner will be set aside by a court of equity, upon petition of the defendants in the case and of the owner of the land, when it appears that they had a valid defense to the action, which they were prevented from making, without fault on their part, by the fraudulent representation of the plaintiff, made before the trial, that he had abandoned his suit.

2. When, on the trial of such an equitable petition to set aside a verdict or judgment, it appears from the testimony that the agent and the general counsel of the owner were present in the court-room when the ejectment case was tried, but that the counsel had no knowledge of the nature of the case or that the interests of their client were involved therein, and had not been employed to look after the defense of that particular suit, and it does not appear that either the counsel or the agent represented the tenants in possession, who were the only defendants in the suit, it was error for the court to charge the jury as follows : "Notwithstanding that you should believe the defendant Williams did make fraudulent statements to the agent of the plaintiffs or to the plaintiffs themselves, and if the agent of the plaintiffs was in the court-room, and their attorneys were in the court-room, when the case was tried, and their attention was called to it at any time before the final verdict in the case, and they made no objections and sat by and allowed the verdict to be taken, provided you believe that they knew of this case at any time before the final verdict was rendered and knew that this was the land now in question, then I charge you that they would be bound by it.   Notwithstanding Williams made fraudulent statements that prevented them from making proper defense, if their attention was called to it in the court-room during the progress of the case, at any time before a final verdict, and they made no objections at that time, they are bound by the verdict, if it was known to them."

3. In an ejectment suit the plaintiff must recover upon the strength of his own title and not the weakness of his adversary's.   It was therefore error in this case, brought to set aside a verdict in ejectment, for the court to charge the jury in effect that it was necessary for the defendants to show that they had a good and valid defense to the original action, that is that they had the true and genuine title.

4. On the trial of an equitable petition to set aside a verdict rendered in a common-law action of ejectment, it was error for the court to charge the jury that the law required no proof of plaintiff's title where there was no answer filed by the defendants, but that, under the pleading act of December 15, 1893, they could render a verdict for the plaintiff.   It does

not necessarily follow that the verdict in the ejectment suit was void because of an instruction to this effect on the trial thereof. Such a charge, even if erroneous, was the law of that particular case until, upon a review thereof on proper exception, the judgment resulting therefrom was reversed.

5. There being no testimony in this case that the defendant ever had such prior possession of the premises in dispute as would alone authorize a recovery against any of the plaintiffs, it was error for the court to charge the jury that a party may in ejectment recover upon prior possession alone.

Argued March 27, — Decided April 25, 1899.

Equitable petition. Before Judge Smith. Telfair superior court. August 12, 1898.

*Hill, Harris & Birch* and *DeLacy & Bishop,* for plaintiffs.
*E. D. Graham,* for defendants.

Lewis, J. Norman W. Dodge sold certain lots of land to E. C. Garrison and R. L. Garrison, giving them a bond for titles and taking their purchase-money notes. Prior to this sale one of the Garrisons had purchased the land, or a portion thereof, from Williams, who was never in possession of the same, but becoming dissatisfied with Williams' title, this contract of sale was rescinded. There was testimony to show that the other Garrison was in possession of the land, or some part of it, under a contract of purchase from another party, but it appearing that his vendor had no title, he did not claim a right to the possession by virtue of that contract. After the rescission of the contract between Garrison and Williams, both the Garrisons bought from Dodge and went in, or remained in, possession of the land. Williams brought an action of ejectment against the Garrisons to recover the premises. An agent of Dodge, whose business it seems was to look after his property in that section, testified that Williams stated to him that he had abandoned his suit for the land, and that acting upon this, his principal, Dodge, was not informed of the suit, and hence made no appearance on the trial of the ejectment suit against the Garrisons. The Garrisons testified that the same representations had been made to them by Williams, and that, acting upon that, they failed to attend court, and hence the case went to trial without their presence, pleading or answering. Williams denied making such representations. When the eject-

ment case was tried, attorneys representing Dodge generally were present in the court-room, but it appears had no notice of this case or of any interest that Dodge had in it, not having been employed to represent him in that particular litigation. The agent of Dodge was also present while the case was being tried, but it is inferable from the testimony that he was powerless to do anything, on account of the absence of the Garrisons and his principal, and not having made any provision for the defense of the case on account of the representations of Williams that he had abandoned the case. The Garrisons were not present. No testimony was offered on the trial of the case, except as to mesne profits, the court instructing the jury that they could find a verdict on the allegations of the petition without proof. The jury accordingly found a verdict for the plaintiff. To the next term of the court Dodge and the Garrisons brought their petition against Williams, setting up the above facts, claiming that they had a valid defense to the action of ejectment and a perfect title to the land, and that they were prevented from making defense by the fraudulent representations made to Dodge's agent and to the Garrisons by Williams, that he had abandoned the suit for the recovery of the land. Plaintiffs prayed that the defendant be enjoined from proceeding with the writ of possession, that the verdict and judgment on which it was issued be decreed to be fraudulent and set aside, and that the plaintiffs be allowed to make their defense to the ejectment suit, and for general relief. Williams answered, denying the substantial allegations of the petition, and claiming title to the land. The trial of the case resulted in a verdict for the defendant. Plaintiffs made a motion for a new trial, which was overruled, and they excepted.

1. If the allegations of the plaintiffs' petition be true, there can be no question about their being entitled to the relief they seek. See *Griffin* v. *Sketoe*, 30 *Ga.* 305 (3); *Markham* v. *Angier*, 57 *Ga.* 43.

2. We think under the facts of this case that the charge complained of in the motion for a new trial, and set forth in the second headnote, was error. There was evidence on the trial of the case that Williams had stated to the defendants,

the two Garrisons, and also to McRae, the agent of Dodge, that he had abandoned the suit and returned the deeds under which he claimed the lots to Parker. We find no testimony in the record that authorized the court to submit to the jury the question whether the attorneys of the plaintiffs had their attention called to the case at any time before the final verdict. The testimony, on the other hand, was positive to the effect that the attorneys knew nothing of the suit, did not know the Garrisons, and did not know that Dodge had any pending interest in the action. Besides, the word "plaintiffs" is used in this charge, which includes not only Dodge but the Garrisons. We do not think it was correct to predicate this charge upon the relation of the plaintiffs to each other as vendor and vendee. The Garrisons were the only defendants in the ejectment suit. They certainly had a right to defend that action under the title of their vendor. They were not present in court at the time, and it does not appear that they were represented by any agent or attorney.

3. Another ground of the motion for a new trial is alleged error in the following charge of the court: "It would be necessary for you to believe from the evidence in this case, in the first place, that the plaintiffs had a good and perfect title to the land, and that they had a title superior to the title of Williams, and that they could have successfully defended the suit that Williams brought against the two Garrisons. It is necessary for them to show that they had a good and valid defense to the suit, that is, that they had the true and genuine title." This rule places the burden on the defendant instead of the plaintiff in actions of ejectment. The defendant in an ejectment suit may have a good defense without having a perfect title to the property, and if the plaintiff fails to show a good title, that in itself constitutes a good defense. The purpose of this suit is not so much to try the title to the property as it is to set aside a judgment alleged to have been obtained by fraud, in order that the plaintiffs may be let into their defense in the ejectment suit, and in that case defend their title and possession. If they have made a successful attack on the judgment, it would indeed be a hard rule of law which would require

them to show a stronger defense to the ejectment suit, in order to go behind a void judgment, than the law would have imposed upon them as a condition precedent to success in defending the action had no judgment been rendered.

4. Under the decision of this court in *Brewster* v. *Wooldridge*, 100 *Ga.* 305, "the common-law action of ejectment was not affected, nor the provisions of the code applicable thereto repealed, by the pleading act approved December 15th, 1893." The court therefore erred in his charge to the jury in this case, touching the manner in which the verdict was obtained in the ejectment case, that it was not necessary for the plaintiff to introduce any evidence in order to obtain that verdict, "the law being that when a case is properly paragraphed and not denied in writing, the plaintiff is entitled to a verdict, and it is the duty of the court under those circumstances to direct a verdict." While this was an erroneous instruction given by the court to the jury in an ejectment suit, we do not think it alone rendered that verdict void. It was simply an error of law, open to review and correction, but until corrected, under regular proceedings had for that purpose, we think the erroneous charge was the law of that particular case.

5. Another ground of the motion for a new trial assigns error on the following charge of the court: "The defendant Williams, if he held prior possession of this land, that would be sufficient to authorize him to institute suit against the Garrisons. A party may recover upon prior possession alone in ejectment." We think this was error, for the reason that there was no testimony authorizing such an instruction to the jury. It does not appear that Williams was ever actually in possession of this land, nor is there any testimony showing such constructive possession in him as would form the basis of a recovery in ejectment upon prior possession alone. There was testimony tending to show that he knew that Dodge claimed the property, and that his own title was defective; and although one of the Garrisons held adversely to him prior to his contract of sale with the other one, he never attempted to enforce any right of possession of the premises until the institution of his ejectment suit after the Garrisons held the land under a bond for titles from Dodge.

The plaintiffs showed a full chain of title to the premises in dispute, originating in plats and grants to Peter J. Williams, and coming down through his heirs and through the Georgia Lumber Company by an unbroken chain to Dodge. The defendant, however, introduced a copy of a deed from Peter J. Williams to Chase, Colby & Crocker, later than the deed from the heirs of Williams; but the plaintiffs repaired this apparent breach in their chain of title by introducing a decree of the United States court which found that Chase, Colby & Crocker merely took the title as agents of the Georgia Lumber Company, and endeavored to convey the title to that company, but their deed was imperfect. The decree directed that their heirs execute a deed to Dodge, who had acquired the title of the Georgia Lumber Company. It is insisted by counsel for defendant in error, that this did not make out a perfect chain of title in the plaintiffs, and we are asked, if necessary to a decision in this case, to review the case of *Dodge* v. *Spiers,* *85 Ga.* 585, where it was held by this court that: "The effect of this decree was to put into the plaintiff a perfect equity, and as to the heirs at law of the three agents of the corporation his equity was complete, so that he could maintain ejectment and recover upon his equitable title." Even if we were disposed to question the correctness of that ruling, there is no question involving a review of that decision presented by this record. The record does not disclose that any objection was offered by the defendant in error when plaintiffs offered in evidence the record and decree in the United States court. If the court below committed any error in admitting that record in evidence, or in following the decision of this court in the *Spiers* case, it was not excepted to by the defendant in error, who has filed no cross-bill of exceptions.

There were other rulings of the court complained of in the motion for a new trial, all of which are deemed unimportant, except as they may be covered by the foregoing views. The judgment overruling the motion for a new trial is reversed on account of the error in the charges of the court above pointed out.          *Judgment reversed. All the Justices concurring.*