### 1252. Smith v. First National Bank of Fitzgerald et al.

Powell, J. 1. A person signing an obligation as a joint maker may show by parol that he is surety only. The equity of a surety to be discharged when he has been prejudiced by an act of the creditor depends, not upon any contract to that effect between the parties, but upon the fact that it is inequitable in the creditor knowingly to prejudice the rights of the surety. The fact that the bona-fide holder for value of a negotiable instrument did not know of the suretyship of one of the apparently joint makers, when he took the paper, makes the foregoing rule no less applicable, if he was given notice of the suretyship before he did the prejudicial act by which the discharge is alleged to have been effected. Brandt on Suretyship (3d ed.), §§ 38, 41; *Stewart* v. *Parker,* 55 *Ga.* 658.

2. As against the bona-fide purchaser for value of a negotiable instrument, a married woman, signing thereon as apparent maker, will not be allowed to show that she was a surety, for the purpose of invalidating the contract under section 2488 of the Civil Code, which prohibits a married woman from binding her separate estate by any contract of suretyship; but she will be permitted to show that she was a surety, for the purpose of defending against the enforcement of the contract, on the ground that the holder of the instrument, after notice of her true relationship thereto, did such an act to her prejudice as in law will discharge her.

3. If, after the maturity of an obligation on which one is bound as surety, the creditor, without the consent of the surety, accepts the promissory note of the principal debtor and another, due at a later date, for the same debt, the surety is released.

4. A timely proceeding in the nature of a motion to set aside a judgment may be filed in a court of law, to vacate a judgment for fraud in its procurement or other irregularity sufficient to impeach it, though the facts do not appear on the face of the record. *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818). Such a proceeding must be filed promptly and without laches.

5. The fraud and irregularity set up as to the procurement of the judgment assailed in the present proceeding is very similar to that set up in *Ford* v. *Clark*, supra. The court was not authorized to hold, on demurrer, that the movant was guilty of such laches as to bar her proceeding, under the facts appearing in the record.

                                        *Judgment reversed.*

Motion to set aside judgment, from city court of Fitzgerald— Judge Jay. June 13, 1908.

Argued June 14,—Decided November 10, 1908.

Suit against Mrs. J. B. Smith and J. L. Stephens, as joint makers of a promissory note payable to C. D. Crawley and indorsed by him to the First National Bank of Fitzgerald, was brought by the bank, in the city court, on December 3, 1907; and, no defense having been filed, judgment was rendered against the defendants, February 27, 1908. At the March term of the court Mrs. Smith filed a motion to set aside the judgment; the court sustained a demurrer filed by the bank, and dismissed her petition, and she excepted.

The movant's petition alleged, in substance, that, after the suit had been filed, Stephens, her codefendant, undertook to effect a settlement with Crawley and the bank, and executed to the bank a note signed by himself as principal and by one Paulk as surety or joint maker, and payable in 1908 or 1909, which was delivered, prior to December 31, 1907, to E. K. Farmer, cashier of the bank,

and accepted by him, as cashier, in settlement of the note sued on; and Farmer so informed her agent and her attorney, in response to inquiry made in her behalf. Farmer has known since the institution of the suit that she is married and that she was married when she signed the note sued on, and he was informed of this fact before the other note mentioned was delivered to him, and also of the fact that, although her name appeared as principal or joint maker on the note sued on, she signed it as surety for Stephens. On December 31, 1907, she instituted suit by attachment against Stephens for the collection of an account, the attachment being based on the ground that he was about to move beyond the limits of the county; and he thereupon executed and delivered to the levying officer good and sufficient bonds. Thereafter Stephens secured from Farmer the note indorsed by Paulk which Farmer had told petitioner's agent was a satisfactory adjustment of the note sued on. Relying on the said statement of Farmer as to the settlement of the note, she took no step to protect herself against the liability she had incurred by signing it as surety. She had a meritorious defense to the suit, to wit, that she was surety on the note and a married woman as stated, and that she signed and delivered it to Stephens on Sunday; and she would have filed this defense if she and her agent and attorney had not been deceived and misled by the said statement of Farmer, and would have asked, at any rate, that judgment be taken against her as surety, and not as principal or joint maker. She did not know that a judgment would be insisted on, but relied on Farmer's statements that the note had been settled by a renewal note. Had she known that the bank would ask judgment she would have set up the defense stated above, together with the statements made to her agents by Farmer, which ought in good conscience to have prevented a judgment against her. Throughout the proceedings she acted in good faith, relied on the statements of the cashier of the bank, and was not lacking in diligence. Stephens has, since the institution of the suit and since the said statements of the cashier, moved his effects out of the county, and the petitioner's risk and liability have been increased. She had no notice, before the judgment was taken, that Stephens had taken up his renewal note, from the plaintiff, or that judgment would be taken against her; otherwise she would have appeared and filed a plea and answer to the suit.

The demurrer was on the grounds: (1) The petition sets forth no sufficient ground upon which to set aside the judgment. (2) It fails to set forth a valid defense to the suit. (3) The defense set forth as being a meritorious defense is not in law such a defense; because, under the facts therein stated, even if the note had been signed on Sunday, it would be valid and binding; and because the defense that the petitioner was a married woman and a surety could not be set up against the bank, an innocent holder of the note; and it does not appear that such a defense would have been available against the original payee, for it does not appear from the petition that he contracted with her as a surety, or that he knew she signed the note as surety. (4) The failure to file a defense was due to the negligence of the petitioner.

*O. H. Elkins*, for plaintiff in error. *Haygood & Cutts*, contra.