## SOUTHERN RAILWAY CO. v. PLANTERS FERTILIZER CO.

The defendant in a case pending in a justice's court, who had filed a meritorious defense, was not present at the court when, at a regular term thereof, the case was called for trial and judgment rendered in favor of the plaintiff. This omission to attend the court was because of an agreement with the plaintiff that the case should be continued to a subsequent term, and that the plaintiff should inform the court of the agreement; which he neglected to do. The defendant did not learn that the judgment had been rendered until the term of the court to which the case was agreed to be continued. He then filed an equitable petition, praying that the judgment be set aside and its enforcement enjoined until the final hearing. *Held*, that the court erred in refusing the injunction.

MAY 11, 1910.

Petition for injunction. Before Judge Kimsey. Hall superior court. November 22, 1909.

*John J. Strickland, Ed. Quillian,* and *C. R. Faulkner,* for plaintiff.

*B. P. Gaillard Jr.,* for defendant.

EVANS, P. J. The Planters Fertilizer Company sued the Southern Railway Company in a justice's court to recover for an alleged overcharge of freight and for loss of goods. The defendant filed a plea under oath, setting up a meritorious defense. By agreement between the president of the plaintiff corporation and the attorney of the defendant the case was continued to the May term of the court, and again was continued by agreement between the parties to the June term. Prior to the June term the president of the plaintiff corporation and the attorney of the railroad company orally agreed to continue the case until the July term, and that the president of the company should notify the court of the agreement, which he neglected and failed to do. Relying upon the agreement to continue the case and the promise of the president of the plaintiff company to communicate it to the court, the railroad company did not appear by counsel or otherwise at the June term, and judgment was entered against it for the full sum sued for. The defendant was not aware of the failure of the president of the plaintiff company to communicate the terms of their agreement to the court, nor of the judgment which was rendered at the June term, until he appeared at the July term, pursuant to the terms of his agreement, ready to try the case. The railway company filed its petition to set

aside the judgment, and enjoin further proceedings in the justice's court until the final hearing. The court refused the injunction, and the railway company excepted.

The railway company had filed its defense to the fertilizer company's action at the return term of the case. The court had previously continued the case for two terms, by consent of the parties, and the railway company's attorney could reasonably act on the assumption that the last agreement would have been respected by the court if the court had been informed of it. At all events, good faith would have required the president of the fertilizer company to have apprised the court of the agreement to continue. The defendant was shut off from a hearing on its plea, not because of any ruling of the court respecting the agreement to continue, but because the fertilizer company's president neglected to inform the court of it. The fertilizer company should not be permitted to take advantage of its adversary's omission based on reliance upon the oral promise of its president. 23 Cyc. 920. The latter's failure to acquaint the court of the agreement according to his promise, and allowing a judgment to be rendered in the absence of any representation on the part of the defendant, amounts to the perpetration of a fraud in the procurement of the judgment. The code declares that equity will set aside a judgment of a court having jurisdiction, where the party was prevented from making his defense by fraud or accident, or the act of the adverse party unmixed with fraud or negligence on his part. Civil Code, § 3988. It was certainly not negligence for the railroad company to act upon a convention with the adverse party stipulating for a continuance of the case, and a promise by the adverse party to notify the court of the convention. As the plaintiff, under the undisputed evidence submitted on the hearing, was entitled to have the judgment set aside, the court should have enjoined any further proceeding in the justice's court until the final hearing.

*Judgment reversed. All the Justices concur.*