## BEVERLY v. FLESENTHALL BROTHERS.

ATKINSON, J. An equitable petition alleged in substance as follows: A number of suits were brought against a firm. In them the plaintiff in the equitable petition was sued as a member of the firm. In fact she was not a member of the firm, but being a widow of inexperience, and having no adviser except her son who was a member of the firm, she conferred with him with reference to preventing judgment being obtained against her. He saw the attorneys of the plaintiffs in the common-law actions, the latter being non-residents, and informed them that

his mother was not a member of the firm, and that the firm was in failing circumstances. He proposed that if the common-law actions which had been brought should be dismissed, and no others brought, a petition for a receiver might be filed, and the firm would agree to deliver up its assets for disposition among its creditors. This proposition was accepted by the attorneys for the plaintiffs in the common-law actions. An equitable petition was filed, and a receiver was appointed who took charge of the assets of the firm. The present plaintiff relied upon these facts, and did not file a plea of no partnership in the then pending actions, as she otherwise would have done. The attorneys for the plaintiffs in those actions did not dismiss them, but, no pleas having been interposed by her for the reasons above mentioned, took judgments against her, which judgments they are proceeding to enforce. In the equitable action in which the receiver was appointed she has set up the fact that she was not a partner. *Held*, that such petition sufficiently alleged facts which would operate as a fraud upon her if the judgments were allowed to stand, and which would authorize the setting aside of such judgments as to her. *Hall* v. *Lockerman*, 127 *Ga.* 537 (56 S. E. 759); *Southern Railway Co.* v. *Planters Fertilizer Co.*, 134 *Ga.* 527 (68 S. E. 95).

(*a*) Accordingly, it was erroneous to dismiss such a petition on general demurrer.

(*b*) The case does not depend upon the rule of court that agreements between counsel in regard to matters of practice in the case must be in writing in order to be enforceable, but upon the question of whether the plaintiff acted upon certain statements and assurances as to the dismissal of suits, so that it would operate upon her as a fraud to take advantage of the fact that she did not file pleas in due time. The ruling in the case of *Mathews* v. *Bishop*, 106 *Ga.* 564 (32 S. E. 631), is not applicable.

(*c*) Where an equitable petition of the character above indicated was filed, and a demurrer thereto was interposed, the court could not look to the denials of the allegations in the answer for the purpose of sustaining the demurrer. The one affects the sufficiency of the allegations in themselves; the other goes to the question of whether they are true, or whether, on account of other facts not appearing on the face of the petition, the plaintiff is prevented from recovery.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 17, 1914.

Equitable petition. Before Judge Thomas. Colquitt superior court. October 1, 1913.

*McKenzie & Kline*, for plaintiff.

*Parker & Dowling*, for defendants.