COURIER-HERALD PUBLISHING CO. *v.* GEORGIAN CO. *et al.*

ATKINSON, J. 1. It is provided in the Civil Code (1910), § 5553: "If the defendant in an equitable proceeding does not reside in the State, service of the petition or any order of the court may be made by publication. If the non-resident defendant is represented in court by an attorney at law or in fact, service on such attorney shall be sufficient. And in all cases not embraced within the foregoing provisions, the judge may prescribe for extraordinary service according to the exigencies of each case." Applying the law as embodied in this statute, service upon a non-resident corporation can not be made in an equitable suit to enjoin a common-law fi. fa. in favor of such corporation, by delivering a copy of the petition and process and rule nisi in the equity suit to a person who is the attorney at law for the plaintiff in fi. fa., representing such non-resident corporation within the jurisdiction for the purpose of having the fi. fa. levied and enforced against the property of the defendant in fi. fa.

2. A return of service which purports to have been made in the circumstances stated in the preceding division is void, and will not authorize the judge at the appearance term of court to mark the case in default as against such non-resident corporation. *Pennsylvania Casualty Co. v. Thompson*, 123 *Ga.* 240 (51 S. E. 314); *News Printing Co. v. Brunswick Publishing Co.*, 113 *Ga.* 160 (38 S. E. 333).

3. Where in such circumstances, at the appearance term, the judge marked in default an equity suit of the character mentioned in the first division, it was not erroneous at the trial term, on written motion of the non-resident corporation, to vacate the default judgment, without payment of costs.

4. Where a vendor sells goods to a vendee and subsequently brings a suit at law for recovery of the price of the goods, and the petition alleges a stated sum as the price of the goods, and the defendant is duly served with petition and process and fails to appear or make any defense or answer to the suit, and judgment is rendered against him by default for the full amount alleged to be due in the petition, it is not a good charge of fraud, accident, or mistake to allege that the defendant in such action was misled and deceived by the receipt of frequent written statements received from the plaintiff from ·shortly after the date of the purchase until after the suit was filed and until the judgment was obtained, which showed the amount due was different and substantially less than that alleged to be due and sued for in the petition. The sending of such statements did not amount to representation that a judgment would not be taken for the amount alleged to be due in the petition. It was the duty of the defendant, if the amount sued for exceeded the actual amount of the debt, to answer the petition and set up such fact. The case differs on its facts from, *Hall* v. *Lockerman*, 127 *Ga.* 537 (56 S. E. 759), *Dodge* v. *Williams*, 107 *Ga.* 410 (33 S. E. 468), and *Markham* v. *Angier*, 57 *Ga.* 43; cited on the brief of the plaintiff in error, and *Southern Railway Co.* v. *Planters Fertilizer Co.*, 134 *Ga.* 527 (68 S. E. 95), and *Beverly* v. *Flesenthall*, 142 *Ga.* 834 (83 S. E. 942), of like import.

5. Applying the principles stated above, even if the proposed amendment

had been allowed, the petition as amended would not have alleged a cause of action; and consequently the judge did not err in disallowing the proposed amendment and dismissing the action.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 4570. JUNE 24, 1925.

Petition for injunction. Before Judge Kent. Laurens superior court. September 13, 1924.

During the month of April, 1920, the Courier-Herald Publishing Company purchased from the Georgian Company four rolls of paper, thereby incurring a total indebtedness of $146.46, of which amount $5.40 was paid in cash, leaving a balance due of $141.06. The vendor instituted a suit returnable to the December quarterly term, 1921, of the city court of Dublin, to recover the purchase-price of the paper. The petition alleged that the amount due for the paper was $351.33, besides interest; and judgment was rendered December 6, 1921, against the vendee for the above-stated amount of principal, together with specified sums to cover interest and costs of court. Execution was issued, and after several months had elapsed the sheriff levied the execution upon certain property of the defendant. From November 20, 1920, and "even after said suit was filed and until judgment was actually obtained," the vendor "contended and advised" the vendee "by letters, statements, other communications and by similar conduct and acts, that they were only insisting and claiming the sum of $141.06;" and the vendee, relying upon these frequent assurances, did not file a defense, . . because of the representations of the [vendor] that this $141.06 was a just amount, and . . did not even attend court, and had no knowledge . . that said judgment was obtained for the wrong amount until" the sheriff attempted to enforce the execution. On May 19, 1923, the vendee instituted an equitable action, returnable to the July term, against the vendor and the sheriff. The petition alleged all that is stated above, and substantially as follows: The vendor is a non-resident corporation. M. H. Blackshear is its attorney at law. The vendee did not file a defense to the suit, because it was misled and deceived by the above conduct and acts of the vendor, representing that $141.06 was the just amount. The judgment for $351.33 with interest and costs was for an incorrect amount, and obtained by "fraud, mistake, or accident." Said judgment, being void as

having been obtained through fraud, should be set aside, and the vendee should be allowed to make a meritorious defense to the suit in the city court, and should be compelled to pay only the amount that is justly due. The prayers were: (a) for injunction to prevent enforcement of the fi. fa.; (b) that the judgment of the city court be set aside; (c) that the city court be required to certify and send to the superior court all papers relating to the common-law case; and for process and general relief. The petition was positively verified. The judge granted a restraining order, and required the defendants to show cause why a temporary injunction should not be granted. The sheriff was duly served. The return of service as to the vendor showed that the service upon that defendant was by delivering a copy of the petition and process to "M. H. Blackshear, the attorney at law of the" vendor. At the July term the case was marked in default as to each of the defendants. At the next ensuing October term the sheriff filed a written motion to open the default as to him, alleging an offer to pay the costs of the court, and that he had a meritorious defense. The Georgian Company filed a motion to open the default, on the ground that the judgment of default was prematurely rendered and void, because no service had ever been made upon that defendant and the court was therefore without jurisdiction to render such judgment of default against that defendant. Upon consideration of the latter motion, on July 31, 1924, the judge ordered that the judgment of default against the Georgian Company be declared null and void and vacated, without requiring the payment of costs. The plaintiff excepted pendente lite. On September 13, 1924, the plaintiff offered an amendment which alleged that the Georgian Company was being represented by M. H. Blackshear in the enforcement of the execution against the plaintiff's property, that Blackshear's representation was upon a contingent fee which rendered him personally interested in the litigation, that he had directed the sheriff to levy upon the plaintiff's property, and that it was necessary to the protection of the plaintiff's rights that Blackshear be made a party defendant and that he be served, etc. There was a prayer accordingly. The court rejected the amendment, and the plaintiff excepted pendente lite. On the same day the case was heard upon the pleadings without any other evidence; and a judgment was rendered which declared that the

restraining order be dissolved, and that the action be dismissed.. The Courier-Herald Publishing Company excepted to the judgment, and assigned error upon the exceptions pendente lite.

*William Brunson,* for plaintiff.

*Blackshear & Harrell,* for defendants.