12

WALKER *et al. v.* HALL, sheriff, *et al.*

No. 9273. NOVEMBER 17, 1932.

*Murphey Candler Jr.,* for plaintiffs.

*W. P. Bloodworth* and *Howell, Heyman & Bolding,* for defendants.

GILBERT, J. Elizabeth Walker, Alice Hill, Lee Williamson, and Frank Williamson, as heirs at law of John A. Smith, deceased, filed their petition against the sheriff of DeKalb County and Mary Key, alleging that Smith died intestate January 12, 1924, seized of described real estate; that he did not owe any debts; that on March 30, 1927, the heirs at law divided the real estate among themselves;

that on June 5, 1930, the attorney for Mary Key and Will Smith, without the knowledge or consent of the heirs of John A. Smith, applied for letters of administration; that administration was granted to J. W. Weekes, county administrator; that there was no need for administration on said estate, and this fact could by the use of ordinary care and diligence have been ascertained by the attorney of Mary Key and Will Smith; that notwithstanding the fact that Mary Key, in the week following the death of John A. Smith, stated that the said Smith did not owe her anything, after the appointment of Weekes as administrator of the estate of John A. Smith, and after seven years had elapsed, she sued the estate for $666, on account of services rendered; that, the said suit being in default, judgment was procured against the estate, and execution was levied on the land referred to; that "said Mary Key and Will Smith practiced a fraud upon the ordinary of DeKalb County in obtaining said letters of administration on the estate of John A. Smith;" that petitioners had moved in the city court of Decatur to vacate the default judgment rendered against the estate in favor of Mary Key, which motion had been denied; that they did not contribute in any way to the obtaining of said judgment, and that if they had had an opportunity to know of said suit they would have employed an attorney to represent them; and that the said judgment was rendered through fraud on the part of Mary Key, and is null and void. The prayers were that the appointment of Weekes as administrator of the estate of John A. Smith be revoked; that the judgment in favor of Mary Key be vacated and set aside for fraud; for injunction to restrain sale of the land by the sheriff; and for other appropriate relief.

The petition was dismissed on demurrer. The grounds of demurrer were that the petition is without equity and does not show any reason for equitable interference; that it does not affirmatively allege that petitioners are heirs at law, of kin to, or creditors of the estate of John A. Smith; that it fails to show sufficient reason in law why the judgment complained of should be vacated; that it shows on its face a lack of diligence and negligence and laches on the part of petitioners; that petitioners were not parties to the suit in the city court of Decatur, and as third parties were not entitled to have the judgment set aside; that the petition shows affirmatively that all proceedings preceding the verdict and judgment were regu-

larly had in courts of general and competent jurisdiction; that the allegations of fraud were too general to authorize the relief sought; and that no facts appear from the face of the record which would warrant the setting aside of the appointment of the administrator and the judgment in the suit in the city court of Decatur.

 The first three headnotes do not require elaboration.

 The application for the appointment of administrator is not void on its face. It fails to allege that the applicant is an heir at law of the decedent or a creditor of the estate, or any other reason which, under the law, would entitle the applicant to administration. It is insisted that for this reason the appointment of the administrator is void. It was held in *Towner* v. *Griffin,* 115 *Ga.* 965 (42 S. E. 262), that a failure to make such allegation was sufficient ground to dismiss the application on motion by caveators appearing at the hearing, who were heirs at law of the decedent. In the present case no motion by any person was made at the hearing to dismiss the application on that ground. The attack in this case is made by a proceeding in equity for the first time after the appointment of the county administrator and after the rendition of judgment against him in the city court. The petition alleges that the intestate left "as heirs at law" certain named persons. It does not affirmatively deny that Mary Key was an heir at law. It alleges that the intestate "left no debts owing by him to any one." Conceding the sufficiency of the allegation that there were no debts, such allegation is contradicted by the judgment rendered in the city court, shown by other portions of the petition. In *McCowen* v. *Flanders,* 155 *Ga.* 701 (118 S. E. 351), the petition did not allege that the application for appointment of an administrator showed on its face that the intestate died without legal descendants; that he left no debts; that the applicant was not of kin or a creditor of the deceased, or had no interest in the estate. In that case it was held that a petition failing to contain the allegations just stated was subject to general demurrer. The allegations in this case, like those in *McCowen* v. *Flanders,* failed to bring this case within the terms of the Civil Code, § 4585. The allegations made in the application were sufficient where it was sought to have the county administrator appointed to represent the estate of the decedent. §§ 3952, 3957. On that petition the court of ordinary rendered a judgment appointing the county administrator.

■ "The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party, unmixed with the negligence or fault of the complainant." Civil Code (1910), § 5965. A judgment of the court of ordinary, obtained by fraud, may be set aside in an equitable proceeding (*Powell* v. *McKinney,* 151 *Ga.* 803 (2), 108 S. E. 231), or it may be set aside in the court of ordinary. *Power* v. *Green,* 139 *Ga.* 64, 66 (76 S. E. 567). See also Redfearn on Administration of Estates, 453, 462. It is essential to understand precisely, first, what is the fraud charged in this case; and second, what fraud is sufficient to authorize the judgment of a court of competent jurisdiction to be set aside. As to the first, the allegations of the petition are that on June 5, 1930, W. P. Bloodworth, attorney for Mary Key and Will Smith, without the knowledge or consent of said heirs of John A. Smith, deceased, filed his application for letters of administration in the ordinary's court of the said county, alleging in said application that John A. Smith died intestate, that there was property, both real and personal, to the extent of $1500, and that it was necessary to have an administrator appointed to look after said property; that on September 5, 1931, Mary Key filed suit against the administrator for $666, for services rendered to John A. Smith prior to his death; that Mary Key and Will Smith practiced a fraud upon the ordinary of DeKalb County in obtaining letters of administration on the estate of John A. Smith, deceased; that said administration was obtained without the knowledge and consent of the heirs of John A. Smith, deceased; and that Mary Key told petitioners, in the week following the death of John A. Smith, that the deceased did not owe her any money at all, neither did he owe any one, but in spite of such admission she swore, seven years later, that the said Smith owed her $666.

The general rule is that a court of equity, upon a proper application, will set aside a judgment which has been obtained by fraud, "where such fraud is extraneous to the issues in the proceeding attacked, and especially where the court has been imposed upon by such fraud. . . The fraud must be actual and positive, and not merely constructive; there must be perpetration of an intentional wrong, or the breach of a duty growing out of a fiduciary relation." 34 C. J. 470, § 738. "The principle is well established that courts of justice have power, on due proceedings had, to set aside or vacate

their judgments and decrees, whenever it appears that an innocent party without notice has been aggrieved by a judgment or decree obtained against him, without his knowledge, by the fraud of the other party. . . A well-established limitation of the general rule is that a judgment can not be vacated for fraud where the particular fraud was in issue in the original proceedings. This limitation on the general principle will not be modified by the fact that additional evidence may have been discovered since the trial to prove the fraud. Nor will a judgment be set aside on the ground that the prevailing party practiced a fraud on the court and on the adverse party by concealing the evidence of his fraud, where the particular fraud, evidence to establish which is alleged to have been concealed, was the issue on trial and there adjudicated." 15 R. C. L. 704, § 156.

In *Thomason* v. *Thompson,* 129 *Ga.* 440, 446 (59 S. E. 236, 26 L. R. A. (N. S.) 536), this court applied these general principles, stated with great clearness by Mr. Justice Evans, as follows: "There is no pretense that any irregularity entered into the various stages of the proceedings which eventuated in the sale [sale of property under mortgage foreclosure]. The sale is said to be void solely because the mortgage on which the judgment of foreclosure is founded is without consideration and fraudulent. The plaintiff is held off from an immediate attack on the sheriff's deed, by a judgment upon the very issue which plaintiffs in fi. fa. caused to have been made in the rule case to distribute the money arising from the sale of the land by the sheriff. . . This judgment estops the plaintiff from raising for the second time the identical matter therein decided. To avoid any estoppel, the plaintiff seeks to set aside this judgment as one procured by perjury and fraud practiced on the court, the fraud alleged being that the mortgagor falsely and fraudulently represented to the court the bona fides of his mortgage, and with the aid of perjured testimony procured an unconscionable advantage." The court held: "The fraud in cases of this kind is collateral and extrinsic of the judgment. The great current of authority limits the frauds for which a bill to set aside a judgment between the same parties, rendered by a court of competent jurisdiction, will be sustained, to those matters which are extrinsic and collateral to the matter tried. U. S. *v.* Throckmorton, 98 U. S. 61 [25 L. ed. 93]; Pico *v.* Cohn, 91 Cal. 129 [25

Pac. 970, 27 Pac. 537, 13 L. R. A. 336, 25 Am. St. R. 159]; Camp
v. Ward, 69 Vt. 286 [37 Atl. 747, 60 Am. St. R. 929]; Friese v.
Hummel, 26 Ore. 145 [37 Pac. 458, 46 Am. St. R. 610]; 23 Cyc.
1026, and citations. In the Throckmorton case it was said that
the mischief of retrying every case in which the judgment or decree
was rendered on false testimony, or on contracts or documents
whose genuineness or validity was in issue, and which are after-
wards ascertained to be forged or fraudulent, would be greater, by
reason of the endless nature of the strife, than any compensation
arising from doing justice in individual cases. The argument of
the plaintiff in error would seem to deny that the principle obtains
in Georgia, which is so generally recognized by courts elsewhere,
that equity will not set aside a judgment because it was founded
on a fraudulent instrument or perjured testimony, or for any mat-
ter which was actually presented and considered in the judgment
assailed." The court distinguished and refused to follow the case
of *Griffin* v. *Sketoe*, 30 *Ga.* 300. It followed the general rule and
affirmed the judgment of the lower court, which was a refusal to
exercise the powers of equity to set aside the judgment on the
ground of fraud. In the Throckmorton case, supra, the United
States Supreme Court held: "The frauds for which a bill to set
aside a judgment or a decree between the same parties, rendered
by a court of competent jurisdiction, will be sustained, are those
which are extrinsic or collateral to the matter tried, and not a
fraud which was in issue in the former suit." In the opinion it
was said: "There is no question of the general doctrine that
fraud vitiates the most solemn contracts, documents, and even
judgments. There is also no question that many rights originally
founded in fraud become—by lapse of time, by the difficulty of
proving the fraud, and by the protection which the law throws
around rights once established by formal judicial proceedings in
tribunals established by law, according to the methods of the law—
no longer open to inquiry in the usual and ordinary methods. Of
this class are judgments and decrees of a court deciding between
parties before the court and subject to its jurisdiction, in a trial
which has presented the claims of the parties, and where they have
received the consideration of the court." We do not overlook the
fact stated by Mr. Justice Evans, that "Fraud is the arch enemy
of equity, and a court of equity will relieve against a judgment

obtained by imposition. Civil Code [1895], §§ 4032, 5370 [1910, §§ 4629, 5965]. Thus, when a litigant keeps the opposite party from court, equity will relieve against the judgment obtained in his absence *(Dodge* v. *Williams,* 107 *Ga.* 410 [33 S. E. 468]; *Bigham* v. *Kistler,* 114 *Ga.* 457) [40 S. E. 303]; or, where one party fraudulently induces his adversary to withdraw his defense, the judgment will be set aside. *Markham* v. *Angier,* 57 *Ga.* 43." "Fraud is not a thing that can stand, even when robed in a judgment." *Crawford* v. *Williams,* 149 *Ga.* 132 (99 S. E. 378).

That brings us finally to the question whether the allegations of fraud, under the law stated above, were sufficient to withstand a general demurrer to the petition. The allegation that Mary Key told the petitioners, who describe themselves as heirs at law of the intestate, that the latter owed her nothing, and that she afterwards went into court asserting an indebtedness of the estate to her, was a fraud on the petitioners and on the court, is not sufficient. *Knox* v. *Raynor,* 146 *Ga.* 146 (90 S. E. 853). The relations between the parties were not of a fiduciary character. Petitioners were unaware of the proceeding in the court of ordinary for the appointment of an administrator, and of the pendency of the suit in the city court, until after judgment. As we have stated, the mere allegation that the administrator was appointed without notice to the petitioners will not show cause to set aside the judgment. It must be presumed, there being no allegation to the contrary, that all citations required by law were published.

The statement of Mary Key to the petitioners that the intestate did not owe her anything, did not, in itself, constitute a material fact which could affect, one way or another, the appointment of the administrator. Although the ordinary of the county published citations as required in such cases, the petitioners in this case did not appear. If they had appeared, they could have availed themselves of the opportunity to object to the appointment of an administrator, because of defects in the application. After the appointment of the administrator Mary Key could properly file her suit against the administrator, assuming that she had a cause of action. It was not against these petitioners, and the statement alleged to have been made by Mary Key to the petitioners to the effect that the intestate owed her nothing could not, therefore, have been the cause of the petitioners remaining away from the trial in

the city court on the suit filed there. It follows that petitioners can not avail themselves of equitable relief on the ground that they were kept away from either court; and finally the particular question, that is, whether or not the estate was indebted to Mary Key, was adjudicated in the city court favorably to her. Had the petitioners in this case been vigilant instead of negligent and inactive, they could and would have appeared in the court of ordinary and interposed their objection to the appointment of an administrator. Failing there, they could have informed the administrator of the statement made by Mary Key and any other facts that they might have known, and made them available, if material, in the trial of the case in the city court. They did neither, nor do they in the present proceeding assert that they know of any defense to the suit filed in the city court of Decatur by Mary Key, save and except alone the allegation of a contradictory statement made by her to them. "The fact that citation was published would not prevent the plaintiffs, who had no knowledge of the application for letters of administration, from moving in due time to have the judgment appointing the administrator set aside. *Davis* v. *Albritton,* 127 *Ga.* 517 [56 S. E. 514, 8 L. R. A. (N. S.) 820, 119 Am. St. R. 352]." *Neal* v. *Boykin,* 129 *Ga.* 676, 683 (59 S. E. 912, 121 Am. St. R. 237) ; *Powell* v. *McKinney,* supra. The heirs and creditors at law are proper parties to institute equitable proceedings to set aside or vacate such judgments. *Neal* v. *Boykin, Powell* v. *McKinney,* supra. It is therefore clear that these petitioners were proper parties to proceed, and pursued an available remedy. They lacked or failed to allege the requisite facts to set out a cause of action. *Judgment affirmed. All the Justices concur.*