### 38915. HIRSCH v. COLLIER.

DECIDED JULY 12, 1961—REHEARING DENIED JULY 28, 1961.

*Almon, Clien & McGregor, Everett L. Almon, Harvey A. Clien,* for plaintiff in error.

*Houston White, Beryl Weiner,* contra.

HALL, Judge. This is an action at law to set aside a judgment on the ground it was procured by fraud. The judicial power to set aside a judgment for fraud was recognized in the Georgia Codes from 1863 to 1933: *Code* § 37-219: "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." *Code* § 37-220: "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part."

*Code* § 110-710 is identical with *Code* § 37-219 except that the words "in equity" follow "decree" and the last word is "complainant" instead of "petitioner."

The power may be exercised by courts of law as well as by courts having equity jurisdiction when proper grounds are shown. *Mobley v. Mobley,* 9 Ga. 247; *Ford v. Clark,* 129 Ga. 292, 294 (58 SE 818); *Moore v. Moore & Cochran,* 139 Ga. 597 (77 SE 820); *Albright v. American Central Ins. Co.,* 147 Ga. 492 (94 SE 561); *Roberts v. Roberts,* 150 Ga. 757 (105 SE 448).

"As qualification of the rule [controlling the setting aside of judgments] or prerequisities to its exercise it must appear that it was not due to defendant's negligence that the fraud was perpetrated, and that due diligence would not have prevented the fraud. . . ." Leverett, Hall, Christopher, Georgia Procedure & Practice 466, § 21-13.

The court's power to set aside a judgment is greatest while the judgment is in the breast of the court, that is, during the same term at which the judgment is rendered. During this term the court has plenary power over its judgments (not based upon the verdict of a jury) and may on motion revise or vacate them in its discretion. *Grogan v. Deraney,* 38 Ga. App. 287, 290

(143 SE 912). Even so, when a party moving to set aside a judgment, during the term it was rendered, has been legally served with the suit and does not show that an alleged fraud practiced on him by the defendant prevented him from making his defense and having his day in court, this court has held it is beyond a court's power to grant the motion. *Davison-Paxon Co. v. Burkhart*, 92 Ga. App. 80 (88 SE2d 39); accord *Coker v. Eison*, 40 Ga. App. 835 (151 SE 682); *Drain Tile Machine, Inc. v. McCannon*, 80 Ga. App. 373 (56 SE2d 165).

Similarly, to authorize setting aside a judgment after the term at which it was rendered, the actions of the adverse party that cause a party's failure to appear and defend must be of such character to show that reliance on them did not amount to laches or negligence. *Penn & Watson v. McGee*, 6 Ga. App. 631 (65 SE 686); *Gillespie v. Farkas*, 19 Ga. App. 158 (91 SE 244); *Peacock v. Walker*, 213 Ga. 628 (100 SE2d 575); *Courier-Herald Publishing Co. v. Georgian Co.*, 160 Ga. 583 (128 SE 744). Accord *Gray v. Ga. Loan &c. Co.*, 166 Ga. 445 (143 SE 501); *Hightower v. Williams*, 104 Ga. 608 (30 SE 862); *Walker v. Hall*, 176 Ga. 12, 19 (166 SE 757).

In *Hill v. Harris*, 42 Ga. 412, 416, the opinion of Justice McCay states: "A judgment at law ought to be conclusive on the matter in dispute. Such is not only the right of the successful party, but it is to the public interest that litigation shall end. The time of the country has already been occupied by the parties and it is due to it that they shall not make another draft upon it, if they have negligently used the opportunity previously given them. It is rather extraordinary that Mr. Hill permitted this judgment to go against him, in ignorance of the truth of the case. . . We think the bill does not show that the failure of Hill to set up his defense was unmixed with negligence on his part. . . [The facts show] in our judgment, a degree of carelessness, to say the least of it, in the conduct of Hill that gives him but little claim for an interference with the regular course of law."

A party must be vigilant to detect fraud. *Mahan v. Cavender*, 77 Ga. 118, 123. One who has been negligent and inactive cannot obtain relief. *Beddingfield v. Old National Bank*

&c. Co., 175 Ga. 172 (165 SE 61); *Walker v. Hall*, 176 Ga. 12, 19 (166 SE 757); *Beavers v. Cassells*, 186 Ga. 98 (196 SE 716); accord *Rawleigh Co. v. Seagraves*, 178 Ga. 459 (173 SE 167).

"A person who, through ignorance, allows a judgment to go against him, can not afterwards have it set aside even on the ground of fraud, if he himself has not exercised ordinary diligence in the premises." *Hoke v. Walraven*, 57 Ga. App. 106, 114 (194 SE 610). But when one party does give the other assurances upon which he can reasonably rely, that the suit will be dismissed or judgment will not be taken, and then procures a judgment taking advantage of the trust and confidence of the other party, the party misled, who is not himself negligent, has a ground to set aside the judgment. *Dew v. Hamilton*, 23 Ga. 414; *Dodge v. Williams*, 107 Ga. 410 (33 SE 468); *Bigham v. Kistler*, 114 Ga. 453 (40 SE 303); *Southern Ry. Co. v. Planters Fertilizer Co.*, 134 Ga. 527 (68 SE 95); *Beverly v. Flesenthall Bros.*, 142 Ga. 834 (83 SE 942); *Patterson v. Ga. Gravel Co.*, 151 Ga. 813 (108 SE 237); *McGinnis v. Scheer*, 182 Ga. 684 (186 SE 804); *Smith v. First Nat. Bank of Fitzgerald*, 5 Ga. App. 139 (62 SE 826); accord *Markham v. Angier*, 57 Ga. 43; *Beavers v. Williams*, 199 Ga. 113 (33 SE2d 343); *Hogg v. Hogg*, 206 Ga. 691, 695 (58 SE2d 403). And a party who has been prevented by duress from defending a suit against him may be relieved from the judgment. *Young v. Young*, 188 Ga. 29 (2 SE2d 622).

The case of *Reeves v. Williams & Co.*, 160 Ga. 15 (127 SE 293), cited by the defendant as authority for granting the relief sought in this case, held that, where one intentionally used silence for the purpose of gaining an unconscionable advantage, constructive fraud could be implied from his failure to speak. However, it appears in that case that the fraudulent conduct was unmixed with any negligence of the party who was granted relief.

In this case we do not decide the merits of defendant's contention that the plaintiff's conduct described in the motion amounted to fraud. Assuming, however, that the plaintiff's intent was fraudulent, if defendant had a good defense, the adverse judgment could have been prevented but for his negligent inaction. In this case there is no allegation of any act by the

plaintiff before the judgment was rendered upon which the defendant reasonably could have placed confidence or been assured that plaintiff would not take a judgment against him, or that prevented the defendant from appearing to defend the suit. Defendant was served with the suit. He mailed to plaintiff an offer of settlement of the claim upon which the suit was brought. Can it be said that a reasonably prudent person could rely upon this fact as an assurance that the offer was accepted and the suit would be dismissed? Can it be said that the defendant, having received no acceptance of his offer, was diligent in doing nothing whatever before judgment to ascertain the status of or defend the suit pending against him? It seems the lowest degree of diligence would have required the defendant to inquire of the status of the suit, and his motion does not adequately explain his failure to make any inquiry or defense before the judgment.

Defendant contends that his motion pleads facts showing an accord and satisfaction on December 26, 1960, ten days before the judgment was actually taken (January 5, 1961), and eight days before default judgment could have been taken. The allegations of the motion are as follows: "That [plaintiff] received said check in due course of mail on December 26, 1960, and did not return said check to [defendant], but accepted same and retained same in his possession, and later cashed same at a time unknown to [defendant] at Herman's, Inc., a men's and boy's clothing shop, which presented same for payment to [defendant's] bank, The Citizens & Southern Bank of Atlanta, where same was paid on January 16, 1961."

While from these allegations an inference favorable to the defendant could be drawn that the plaintiff accepted the check on December 26, 1960, the pleaded facts do not support such an inference. It is elementary law in this State that pleadings are to be construed against *and not for* the pleader on demurrer. Therefore, the above allegations cannot be construed to show an acceptance of the offered accord and satisfaction prior to the judgment.

Whatever the defendant's remedy may be for plaintiff's alleged reprehensible conduct, the authorities above cited hold he is not entitled to the remedy here pursued.

The trial court erred in overruling the general demurrer to the motion to set aside the judgment. It is therefore not necessary for this court to pass on the overruling of the special demurrers.

*Judgment reversed.  Felton, C. J., and Bell, J., concur.*