### HALL *et al. v.* LOCKERMAN.

1. A ward who had arrived at age employed attorneys to bring suit against her guardian and the sureties on his bond. After the attorneys were employed, and both before and after the suit was filed, the ward stated to one of the sureties that no claim would be made against him, and that if any judgment was obtained it would not be enforced against him, and that he need not feel any uneasiness on account of the suit. The surety filed a plea in the suit, and the assurances above referred to were again made after the plea was filed. Relying upon these assurances, he did not press his defense. A judgment was taken against the guardian and all of the sureties, and, while the surety above referred to was in the court-room when this judgment was taken, he did not know that the judgment was in fact rendered against him as well as the other defendants. The surety filed an equitable proceeding to set

aside the judgment. The ward did not resist this proceeding. The attorneys employed by her filed an intervention, in the nature of both a demurrer and an answer, in resistance to the petition to set aside the judgment, alleging that they had a lien upon the suit and the judgment, which could not be defeated by any act of their client after the suit was filed. Upon a trial the jury found a verdict to set aside the judgment. The attorneys moved for a new trial, which, being refused, they excepted, *Held*: (*a*) The petition set forth a cause of action; and as there was evidence to sustain the contentions of the surety in reference to the assurances given him by the ward, there was no error in overruling the motion for new trial. (*b*) While the attorneys had a lien upon the suit, the existence of this lien would be no reason for allowing them to enforce a judgment against the surety which was rendered as a result of his being lulled into security by assurances by their client that no claim would be made against him. (*c*) Attorneys have a lien upon all suits brought by them and all judgments obtained upon a real cause of action in behalf of their client, but they have no right to enforce a judgment obtained by surprise when the defendant has been, by the act of their client, deprived of the right to be heard on the existence of a cause of action at the time of their employment and at the time of the beginning of the suit.

2. The charges excepted to were not erroneous for any reason assigned. The requests to, charge, even if they contained correct propositions of law, were inapplicable to the facts of the case. There was no error in any of the rulings on evidence, and no sufficient reason has been shown for reversing the judgment.

Submitted July. 18, 1906.—Decided January 16, 1907.

Rehearing denied March 1, 1907.

Equitable petition. Before Judge Littlejohn. Dooly superior court. November 16, 1905.

J. B. Manuel was guardian for Ida B. Manuel. A. J. Lockerman and W. J. Beacham were securities on his bond. Ida B. Manuel was a minor, and, before attaining her majority, became the wife of J. B. Manuel. After attaining her majority she entered into a contract with M. P. Hall and M. A. Fleming, attorneys at law, dated January 21, 1901, as follows: "In consideration of the services of M. P. Hall and M. A. Fleming in representing me in a suit now commenced against my guardian and his bondsmen for settlement of the estate left me by my father and mother, I agree to pay the said M. P. Hall and M. A. Fleming one third of the amount recovered in said suits or suit for said money or property, and the said Hall and Fleming agree to make no charges unless suit is terminated in my favor and money is collected." The interest of Fleming in this contract was assigned to W. F. George, and soon after this assignment Hall and George, attorneys at law,

instituted a suit in the superior court in the name of J. D. Hargrove, ordinary, for the use of Ida B. Manuel, against J. B. Manuel, principal, and A. J. Lockerman and W. J. Beacham, securities. The suit was filed August 13, 1901. To that suit a joint demurrer and a joint plea were filed. In the plea it was denied that anything was due to the plaintiff, and it was further said that "if technically the said Manuel had spent any of the funds of his wife, she got the full benefit of the same, and in good conscience can not now set up a claim against him on his guardian's bond." After the filing of the defenses just mentioned, there was no further resistance upon the part of the defendants, but on February 27, 1902, a judgment was obtained in favor of the plaintiff against both defendants, for $967 principal, and $260.71 for interest to date of judgment, and costs of court. Execution was issued March 17, 1902, and was levied on property of the defendant Lockerman. He filed an affidavit of illegality, and filed an equitable petition in aid of it, upon the following grounds: "4. Your petitioner shows that a judgment in the case of Hargrove, ordinary, against Manuel, your petitioner, and Beacham as security, was the result of surprise, accident, and mistake. 5. Your petitioner shows that at the time that said judgment was taken and said suit was commenced he was not indebted to the said Ida Manuel in any sum whatever, but had been fully acquitted by said Ida Manuel of any liability that he was under to her. 6. Your petitioner shows that when he became security on the bond of said J. B. Manuel, the guardian of said Ida Manuel, he received from the administrator of her father's estate the sum of $666; that he never turned over said sum in money to the said Manuel, nor did the said Manuel ever receive any amount, as guardian of the said Ida Manuel, except the sum of $100 which he paid out to John F. Powell as attorney's fees for services rendered as attorney to said guardian; that the rest of the money constituting the estate of said Ida Manuel was, by your petitioner, invested in a house and lot in the town of Unadilla, and in possession of which her guardian and herself were placed, and it was occupied by her as her home. 7. Your petitioner shows that when the suit was brought against him by the attorneys of the said Ida Manuel it was not any desire or direction of the said Ida Manuel, but that she expressly directed the attorney employed by her not to commence any suit against your petitioner, for the reason that

she did not desire any judgment against him, on account of the fact that he had preserved her money and secured a home for her, and it was through no fault of his that she afterwards lost her home. But the attorney, through mistake, or thinking that it was necessary to hold the other security to the bond, filed a suit against your petitioner, in which said judgment was subsequently obtained; that after said suit was filed, the said Ida Manuel, the said plaintiff in said case, notified your petitioner that she had no claim against him and would not press said claim to judgment, and that by reason of the statements of the said Ida Manuel to your petitioner, your petitioner filed no defense whatever to said suit, but relied upon the statements of the said Ida Manuel to protect him in said case; and although petitioner was in court at the time said judgment was taken, he did not know that the judgment was being taken against him; and that said judgment was taken against him by the attorneys of said Ida Manuel after the said attorney had been notified by the said Ida Manuel that she did not desire any judgment taken against him. 8. Petitioner further shows that the guardian of said Ida Manuel was never indebted to the said Ida Manuel in any sum other than the $666 invested by your petitioner in said house, and lot, and the $100 paid by her guardian to Jno. F. Powell, as aforesaid; and that it would be, on any fair settlement of the accounts between the said Ida Manuel and her said guardian, if possible [impossible?] to have recovered a judgment for any sum more than the $666, even if the said guardian was liable for said sum because said sum was invested by the guardian in real estate for the benefit of said Ida Manuel. 9. Your petitioner further shows, to show the good faith of the said Ida Manuel, she has never pressed said judgment and is not now pressing it; and, as plaintiff in said judgment, she desires that the same shall be set aside, as against him, for the reason that the same was taken without her knowledge and consent, and against her express direction. 10. Your petitioner shows, that, in accordance with the agreement and promise of the said Ida Manuel, subsequent to said judgment, she has given him a receipt in full of all claims that she had against him by reason of his being security on said bond, and that receipt was given upon the consideration of the money that he invested for her in the house and lot as aforesaid. 11. Your petitioner shows that she recognized then, now recognizes, and has always recog-

nized that she had no claim against your petitioner, and the only reason for joining him in said suit and why she didn't give him a receipt before the judgment was taken was that she was afraid it would affect her claim against the other surety on said bond, the said W. E. Beacham. 12. Your petitioner shows that he would have set up these facts in the defense of said suit at the time said judgment was taken, had he not been misled and surprised at the repeated statement of the said Ida Manuel that she would not take any judgment against him, and that she had no claim against him, which statement was made in good faith by the said Ida Manuel, and that she endeavored to carry them out, but, by the mistake of her attorneys, contrary to her wishes and the statements made to your petitioner, said judgment was taken against him. 13. Your petitioner shows that he did not know at that time, nor until after he took said receipt, that the said Ida Manuel had any conditional contract with her attorneys for services to be rendered her in said case. Petitioner shows that the said Ida Manuel is totally insolvent and unable to respond to him in damages. Wherefore, the premises considered, your petitioner prays that he may have a permanent injunction, perpetually enjoining said judgment and execution from proceeding against him for any amount whatever."

When that amendment was offered, Hall and George, attorneys representing Mrs. Ida B. Manuel, filed their separate intervention, as follows: "And now come M. P. Hall and W. F. George, counsel of record for the plaintiff in fi. fa., who represent to the court that A. J. Lockerman filed his illegality to the execution in the above-stated case, on the grounds, that he paid off the judgment in the above-stated case on which the execution issued; that Ida B. Manuel employed M. P. Hall and M. A. Fleming to prosecute suit in the above-stated case against her guardian and his bondsmen; that M. A. Fleming moved to Texas before the suit was instituted in Dooly superior court, and procured George & Copeland to take his place in said contract; that Copeland took no interest in the case, and that M. P. Hall and W. F. George filed the suit and prosecuted the same to judgment as attorneys at law for the plaintiff in fi. fa.; that M. P. Hall and W. F. George are entitled to be paid, pursuant to such employment, one third of the recovery in said case; that they recovered a judgment for $967 principal, and $260.71 for interest to the 27th day of February, 1902, the date of judgment;

that they have never been paid one cent; no payment was ever made to them of said judgment, nor do they know that said judgment or any part thereof has been paid. M. P. Hall and W. F. George move the court to dismiss the illegality filed by A. J. Lockerman in the above-stated case, and to dismiss the equitable petition filed by A. J. Lockerman to set aside the judgment, . . and that the execution do proceed for one third of the principal and one third of the interest due on said judgment, for their benefit." The court overruled the motion to dismiss, and Hall and George filed exceptions pendente lite, and in their bill of exceptions to this court have assigned error on this ruling. The case then proceeded to trial. The evidence was conflicting, but there was sufficient evidence to support the allegations of the equitable petition. The verdict was in favor of the defendant; and thereupon the court decreed that the judgment upon which the execution was based be set aside, so far as Lockerman was concerned, and that he have the right to appear and file his defense. Hall and George moved for a new trial, which was refused, and they excepted.

*Hall & Wimberly*, for plaintiffs.

ATKINSON, J. After a statement of the case, there is room for but little discussion. The equitable amendment set forth a cause of action, and, if true, furnished sufficient grounds for the equitable relief prayed for. The excerpts from the charge of the court do not contain any error of law, for any reason assigned, and they are properly adjusted to the pleadings and proof. The rulings of the court upon the admissibility of evidence were not erroneous for any reason assigned. The requests to charge, so far as they state correct principles of law, are not applicable to the facts. Hall and George were not parties to the suit on the bond, and, while they had a lien upon the suit filed, and the client, without their consent, had no right to settle the case so as to interfere with the lien, still, when the client notified the defendant Lockerman that she had no claim against him and did not intend to prosecute the suit against him, thereby lulling him into security, and, as he testifies, causing him not to press his defense, it would be wrong under such circumstances to allow a judgment to stand against him for the benefit of either the client or the attorneys. The attorneys had no interest in the case except in that which the client could recover. The interest of the attorneys was wholly dependent upon

a right of recovery by the client. If the client had no cause of action against the surety, she acquired none merely by the employment of an attorney to represent her, and her attorneys' rights were no greater than hers. The surety had a right, as against both the client and the attorneys, to be heard on the existence of a cause of action at the time the suit was filed. If the conduct of the client has been such that the defendant would be entitled to have the judgment set aside, the judgment in its entirety must be set aside. This would especially be the case where, by the conduct of the client, the defendant was prevented from interposing a defense, and from relying upon the defense already filed, upon which he was entitled to be heard, which, if sustained, would defeat the client altogether, or at any rate reduce the amount of recovery to be had. If the client is defeated and can recover nothing against the defendant, the attorney is necessarily defeated. In the light of what has just been said, we do not deem it necessary to further discuss the rulings of the court hereinbefore referred to. When the suit on the bond goes to trial, under the judgment of the court to which exception is taken the attorneys may prosecute the case for the purpose of establishing a liability upon the part of the defendant to the plaintiff, to the end that they may ascertain and recover their fees, while, on the other hand, the defendant may insist upon his defenses for the purpose of defeating a recovery in part or in whole.

　　*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*