MORRIS CONSTRUCTION COMPANY *v.* RANDOLPH *et al.*

HILL, J.  The petition as amended alleged a cause of action; and the court did not err in overruling the general and special demurrers to the petition as amended.  See Civil Code (1910), §§ 4629, 4571; *Hall* v. *Lockerman,* 127 *Ga.* 537 (56 S. E. 759).

*Judgment affirmed.  All the Justices concur, except Beck, P. J., who dissents.*

No. 5305.  OCTOBER 13, 1926.

Equitable petition.  Before Judge J. B. Jones.  Hall superior court.  January 21, 1926.

J. R. Randolph, M. C. Buffington, and J. M. Williams brought an equitable petition in the superior court of Hall County against B. A. Rogers, sheriff of Hall County, Morris Construction Company, and F. L. Archer, sheriff of Jackson County, Georgia, and alleged in substance the following: Petitioners are the board of commissioners of Hall County Lipscomb Drainage District, a corporation of Hall County, duly organized under the laws of Georgia.  Mrs. D. H. Lipscomb was one of the landowners included in the drainage district, and for her assessment in and by the drainage district she executed, on January 8, 1921, a promissory note for the principal sum of $1165.02, due November 1, 1921, payable to the order of "J. R. Randolph, Chrm., M. C. Buffington, and J. M. Williams, Commissioners."  A copy of the note is attached to the petition as an exhibit.  The note was given by Mrs. Lipscomb for and in satisfaction of her assessment due to the drainage district, and Randolph, Buffington, and Williams had no personal or individual interest in the note or its proceeds, but it was an obligation due and payable to the drainage district and was made to the parties who constituted the board of commissioners.  The drainage project was constructed by the Morris Construction Company, and at the conclusion of the work the drainage district was due the construction company a balance for its services.  Shortly after the date of the note above referred to, the board of commissioners transferred and indorsed to the Morris Construction Co. the note of Mrs. D. H. Lipscomb, the indorsement being as follows: "J. R. Randolph, Chrm., M. C. Buffington, Com., J. M. Williams, Commissioners Lipscomb Drainage District of Hall County, Georgia."  At the time of the transfer the Morris Con-

Judgments, 34 C. J. p. 473, n. 78.

struction Co. was represented by its counsel, and the note was transferred to the Morris Construction Co. to apply upon the indebtedness of the drainage district to the Morris Construction Co.; and at the same time petitioners entered into an agreement with the Morris Construction Co., the effect of which was that this obligation was the obligation of the drainage district solely, and your petitioners were not to be held individually or personally liable either as makers or indorsers, but it was represented to your petitioners that it was necessary for petitioners to sign and indorse the note as indorsers for the purpose of rendering the transfer valid and for the purpose of making the note negotiable by and on behalf of the drainage district, and that the indorsement was for no other purpose, and that petitioners would incur no personal or individual liability either jointly or severally; and upon this understanding solely they indorsed the note. Subsequently the Morris Construction Co. brought suit thereon against Mrs. D. H. Lipscomb as maker, and petitioners and the Lipscomb Drainage District of Hall County as indorsers, in the city court of Hall County, as shown by copy attached to the petition as an exhibit. J. R. Randolph and Mrs. D. H. Lipscomb are residents of Hall County, and M. C. Buffington and J. M. Williams are residents of Jackson County. When said suit was filed, counsel for Morris Construction Co. approached J. R. Randolph and requested his assistance in getting an acknowledgment of service on a second original from M. C. Buffington and J. M. Williams. J. R. Randolph, thinking and believing that the Morris Construction Co. was proceeding to carry out its understanding with petitioners, and that the suit was a suit against Mrs. Lipscomb as maker, and the drainage district as indorser, assisted the construction company in securing an acknowledgment of service from the two defendants, and assisted the plaintiff in every possible way to bring his suit to judgment against Mrs. Lipscomb, the maker, and the drainage district as indorser. In pursuance of the agreement with the Morris Construction Co., petitioners were subpœnaed as witnesses for and on behalf of the plaintiff against Mrs. Lipscomb, and attended court through several sessions. Verdict and judgment were rendered against "Mrs. Lipscomb as principal, J. R. Randolph, M. C. Buffington, and J. M. Williams and Lipscomb Drainage District of Hall County, indorsers," and fi. fa. issued thereon.

Petitioners had a good and valid defense against the note; as to them there was no consideration whatever, either as maker or indorser; they did not indorse the note in their individual capacity; and said facts were well known to the Morris Construction Co. at and before the time of the filing of the suit. They were ignorant of the legal effect of the indorsement which they placed upon the note, and indorsed it in the manner set out at the instance and inducement of the attorney for the Morris Construction Co., with the clear understanding that they were not personally or individually liable. Said inducement was fraudulent, and misled petitioners to their injury and damage. The judgment rendered against them is fraudulent and void; and notwithstanding the fact that they had a meritorious defense, they have been deprived of their day in court by the misrepresentation of counsel for Morris Construction Co. They attended court for several terms as material witnesses for the construction company, without interposing any plea and defense upon their own behalf; they believed their only interest and liability in the suit was their representative capacity as members of the board of commissioners of the drainage district; this belief was actively fostered by the Morris Construction Co. and its attorney; and they were prevented from interposing their meritorious defense by the fraud, accident, or mistake of the Morris Construction Co., unmixed by any negligence or failure on the part of petitioners or either of them. They were misled and deceived to their injury and damage by variances in plaintiff's pleadings and process; it appears in one paragraph that they are sued as commissioners, and in another paragraph that they are sued as indorsers simply; said pleadings are vague, indefinite, and contradictory, and the process attached is also vague, indefinite, and contradictory; and neither the pleadings nor the process are sufficient to put petitioners on notice that the plaintiff expected or intended to hold them personally or individually liable. The verdict does not follow the pleadings, as both pleadings and the note sued on show that the note was payable to Randolph, Buffington, and Williams as commissioners, and indorsed by them as commissioners of the Lipscomb Drainage District of Hall County, while the verdict and judgment is not only against Mrs. Lipscomb as principal, and the Lipscomb Drainage District as indorser, but also against petitioners as individual

indorsers; and the verdict, judgment, and execution are nullities and are void. The sheriff of Hall County has levied the execution upon certain described personal property as the property of J. R. Randolph; in furtherance thereof the Morris Construction Co. has garnished the account of J. M. Williams in the State Banking Co. of Gainesville, Georgia; and the sheriff of Jackson County has levied on certain described personal property as the property of M. C. Buffington. Said levies and garnishment are void, for the reason that the judgment was obtained against petitioners by fraud, accident, or mistake of the Morris Construction Co., its agent or attorney; and irreparable damage will ensue unless said sales are enjoined and restrained, and the execution and judgment set aside and rendered null and void. Petitioners are without an adequate remedy at law; and in order that full and complete justice may be done between all the parties, and to avoid a multiplicity of suits and circuity of action, it is necessary that a court of equity entertain petitioner's suit and render such decree therein as the facts and circumstances may justify. The prayers are, for process; that the defendants, their agents, attorneys, or deputies be enjoined and restrained from further prosecuting said execution and selling the property of the petitioners, and from taking any action thereunder; for decree declaring the execution null and void and of no effect and setting it aside; and for general relief.

The Morris Construction Company filed demurrers, both general and special, to the petition. The plaintiffs amended their petition and alleged the following: When suit was brought on the note the attorney for the Morris Construction Co. approached J. R. Randolph and requested that he secure an acknowledgment of service from petitioners, J. M. Williams and M. C. Buffington, who resided in Jackson County, and prepared the acknowledgment for their signature, and delivered same to J. R. Randolph. The acknowledgment was written on a separate sheet of paper and not attached to either the original or a copy of said suit. No second original or copies thereof were delivered to J. R. Randolph for Williams and Buffington, and no copies of the suit were ever received or ever seen by either Williams and Buffington, and no personal service was ever had on J. R. Randolph, and neither of the petitioners has up until this time ever read or had read to

them, or heard same read, and up to the date of the judgment; and petitioners were unaware that any judgment had been asked for against them or had been rendered against them until so informed by counsel for Morris Construction Co. in November, 1925, more than a year and half after the judgment was rendered. Prior to the filing of the suit neither the Morris Construction Co. nor any of its several attorneys demanded payment of the note of either of your petitioners, or in any manner intimated to either of them that they expected payment of the note from petitioners, and no demand for payment was made until November, 1925, more than a year and half after the verdict was rendered. The suit proceeded to trial upon the petition and answer of Mrs. D. H. Lipscomb; and relying upon the representation and agreement with the Morris Construction Co., made by its attorney, neither of petitioners had any notice that they were parties of said suit, and none of them made answer or filed any pleadings whatsoever. Upon the conclusion of the trial the court directed a verdict in favor of the Morris Construction Co. and against Mrs. D. H. Lipscomb and the drainage district, but the verdict was not read in court or otherwise published, and the judgment rendered upon said verdict was not read in court or otherwise published; and petitioners understood and believed that the judgment directed was a judgment solely against Mrs. Lipscomb and the drainage district, and did not know that the verdict and judgment were taken against them as individuals, and they were not so informed. The attorney for the construction company either knowingly, as a part of the plan to mislead petitioners, or through accident or mistake, and without notice, did carry on, encourage, and consummate said plan to defraud petitioners; and by so doing petitioners were misled and deceived and were deprived of their right to have their day in court. In December, 1921, attorneys for Morris Construction Co. did notify J. R. Randolph as chairman, M. C. Buffington and J. M. Williams as commissioners of the Lipscomb Drainage District of Hall County, that they held for collection the note described, and that said note was "payable to the order of J. R. Randolph, M. C. Buffington, and J. M. Williams, Commissioners, and indorsed by Randolph, Williams, and Buffington, Commissioners," and further that suit would be brought upon the note to the February term, 1922, of the city court of Hall County;

the notice was a formal notice of attorney's fees, and a copy of it is attached to the petition. The notice was sent by the attorneys and received by the commissioners by registered mail. This notice that suit would be brought against them as commissioners of the drainage district caused them to believe that suit would follow the terms of the attorney's fees notice, and caused them to believe and rely upon the agreement made with the attorney for the Morris Construction Co. that they would not be held individually liable for the payment of the note, and that the notice was in accordance with the agreement; and they believed and had every right to believe that they were not being sued as individuals but as commissioners of the drainage district. This notice was the only notice that they ever received of said suit, and by it they were deceived, misled, and prevented thereby from filing their plea and answer and from having their day in court. Exhibit A of the original petition did not contain acknowledgment of service of the original suit of Morris Construction Co. against Mrs. D. H. Lipscomb et al., by reason of the fact that the acknowledgment was not attached to the original petition but was filed as a separate paper in the office of the clerk of the superior court of Hall County. Since filing their original petition. the acknowledgment of service has come into their hands, and the original petition is amended by the addition of said acknowledgment hereto attached and made a part of this amendment.

Defendants renewed their demurrers to the petition as amended. The trial court overruled the demurrers, and to this judgment the defendants excepted.

*Davie & Reid* and *Morris, Hawkins & Wallace,* for plaintiff in error.

*Edgar B. Dunlap* and *Luther Roberts,* contra.

BECK, P. J., dissenting. "A party can not successfully ask for relief in equity to set aside a judgment at law against him, on the ground that he failed or omitted to make a legal defense, unless he was prevented by fraud or accident, unmixed with any fraud or negligence by himself, from setting up such defense." This ruling in the case of *Bank of Doerun* v. *Fain,* 148 *Ga.* 799 (98 S. E. 467), is but a restatement of the statute contained in sections 4584 and 5965 of the Civil Code; and the same principle has been stated in numerous other cases and applied to the facts

of the particular case. In the present case it seems to me that it is clearly shown by the facts pleaded that the fraud charged against defendant in this case, if fraud at all is shown under the facts pleaded, was not unmixed with negligence on the part of petitioners. I will not say that gross negligence is shown upon their part, but clearly there was negligence, and that was sufficient to prevent their having the relief sought, under both of the sections of the Code which I have referred to above.