## OWEN *v.* OWEN.

Nos. 8519, 8532. January 14, 1932.

*Titus & Dekle* and *Hay & Forester,* for plaintiff in error.
*Hay & Gainey,* contra.

BECK, P. J. (After stating the foregoing facts.) Under the facts of the case, the court did not err in overruling the special plea. While the action for divorce had been brought by R. W. Owen nearly six years before, and had never been continued, and no defense to the action was filed, inasmuch as the case continued open upon the docket, and, so far as appears, no steps were taken to dismiss it, the filing, even after that length of time, of an application for alimony was allowable. The application for alimony was an incident to the main suit; and when the application was duly filed, the plaintiff in that suit, who had submitted himself to the jurisdiction of the court, was bound to take notice thereof; and when the court ordered service of the application to be made upon the attorney of record, no further service was required. The application was served upon the attorney of record; his name still stood upon the court docket as the attorney for the plaintiff in the original divorce suit; it had not been stricken. And when the application for alimony was served upon the attorney of record, though he refused to accept service, saying that he was not then attorney for the original plaintiff in the divorce suit, no further service was necessary. Under the facts in this case the court had jurisdiction of the person of the plaintiff. He had submitted himself to the jurisdiction of the court; and the fact that he permitted the case to stay on the docket, without having it marked in default or dismissing it, charged him with notice of an application that was germane to that suit.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*