ELLIS *v.* ELLIS *et al.*

No. 8517. MARCH 1, 1932.

*C. L. Bartlett* and *Alene Harden,* for plaintiff.

*S. W. Hatcher,* for defendants.

ATKINSON, J. On January 14, 1923, a woman instituted bail-trover proceedings against her husband, to recover described household goods. "Acknowledgment of service upon said bail-trover suit was made by Mr. Hallie B. Bell as defendant's attorney." After institution of the bail-trover suit the woman obtained a divorce, and on April 12, 1924, obtained a judgment for $150 alimony, and shortly after the alimony was paid she elected to take

a money verdict in the trover suit pending in the superior court, and obtained a judgment on which a fi. fa. was issued. On March 6, 1931, the fi. fa. was levied upon described realty of the defendant. On April 4, 1931, the man instituted an equitable suit against the woman and the levying officer, to set aside the judgment and to enjoin sale of the property. The petition alleged all that is stated above, and substantially as follows: A short while after the trover suit was instituted, petitioner learned that the sheriff had been to petitioner's home "looking for him." Petitioner went to the office of Mr. Bell, who instructed him to inform the sheriff that he could not give bond, and direct him to take possession of the articles described in the petition. The sheriff did not take possession of the property, but shortly thereafter the woman went to petitioner's home and took possession of the articles involved in the trover suit and converted them to her own use. Petitioner has not attempted since then to claim the property. When he paid the alimony "he considered that his troubles with said defendant . . were at an end." Notwithstanding the woman "had taken possession of . . the property," she took the judgment in the trover suit. The verdict was taken "without notice to petitioner, and without his knowledge." He had no knowledge of the judgment until "a few days ago," when he learned that his property was advertised for sale. The conduct of the woman was "gross fraud" upon him, and he has no adequate remedy at law.

The exception is to a judgment dismissing this petition on demurrer. It should be constructed most strongly against the plaintiff. It does not allege that Mr. Bell, who acknowledged service as attorney for defendant in the trover suit, was not in fact his attorney. Why was the sheriff "looking for" petitioner, and why, when petitioner heard of that, did he go to Mr. Bell's office, and why did Mr. Bell tell him to tell the sheriff to take the articles described in the trover suit? It does not take any stretch of imagination to conclude that the sheriff was endeavoring to execute the bail process and that petitioner went to Mr. Bell's office for advice because he was his attorney in the trover suit. It was at least incumbent upon petitioner to allege that Mr. Bell was not his attorney, if petitioner would avoid the effect of the acknowledgment of service. Treating the case as one in which service was duly ac-

knowledged, the petitioner would be bound by any judgment rendered in the trover suit, in the absence of fraud. His payment of alimony had no relation to the trover suit, and such fact coupled with the act of the woman converting the articles to her own use was not an implied promise or so misleading as would authorize him to "consider" that the trover suit would not be prosecuted. In this respect the case differs from *Beverly* v. *Flestenthall*, 142 *Ga.* 834 (83 S. E. 942), and *Hall* v. *Lockerman*, 127 *Ga.* 537 (56 S. E. 759). The fact that the woman had converted the goods to her own use could have been set up to prevent her from taking a money verdict (*Mallary Machinery Co.* v. *Wood*, 133 *Ga.* 615(2), 66 S. E. 785) ; but it was the duty of petitioner to keep up with the case (*Courier-Herald Publishing Co.* v. *Georgian Co.*, 160 *Ga.* 583, 128 S. E. 744; *Owen* v. *Owen*, 174 *Ga.* 155 (162 S. E. 104), and make the defense. The date of the verdict is not alleged, but a reasonable inference to be drawn from all the allegations is that it was shortly after the date of the alimony judgment rendered in 1924. If there had been any complaint as to the verdict, there was ample remedy by motion for a new trial. The allegations of fact fail to make a case of fraud, accident, or mistake. *Courier-Herald Publishing Co.* v. *Georgian Co.*, supra. If they are sufficient to make such a case, they fail to show excuse for long delay in making complaint on that ground. While equity will set aside a judgment of a court having jurisdiction, where the party was prevented from filing his defense by fraud or accident or the act of the adverse party, unmixed with fraud or negligence on his part (Civil Code, §§ 4584, 4585; *Southern Railway Co.* v. *Planters Fertilizer Co.*, 134 *Ga.* 527, 68 S. E. 95; *Bigham* v. *Kistler*, 114 *Ga.* 453, 40 S. E. 303), the allegations of fact in this case, for reasons above indicated, do not set forth a case for equitable interference. There was no error in dismissing the action.

*Judgment affirmed. All the Justices concur.*